JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9299 RSWL (MRWx) | Date | November 8, 2012 |
|---|---|---|---|
| Title | In the Matter of Chance Edward Gordon | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

  Before the Court is a Notice of Removal filed by defendant Chance Gordon ("Defendant") on October 30, 2012. This matter has been referred to this Court due to the unavailability of the judge to whom the action is assigned.

  Through his Notice of Removal, Defendant, an attorney, has attempted to remove to this Court a disciplinary proceeding from the State Bar Court. According to Defendant, this Court possesses jurisdiction because the disciplinary charges filed by the State Bar of California against him are similar to claims alleged against him by the Consumer Financial Protection Bureau in CFPB v. Chance Gordon, Case No. CV 12-6147 RSWL (MRWx), a case currently pending in this Court. Defendant asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

  Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

  Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original). The

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9299 RSWL (MRWx) | Date | November 8, 2012 |
|---|---|---|---|
| Title | In the Matter of Chance Edward Gordon | | |

only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  <u>Sullivan v. First Affiliated Sec., Inc.</u>, 813 F.2d 1368, 1372 (9th Cir. 1987).

      Here, the underlying Complaint contains 30 counts for violations of the California Business and Professions Code and California Rules of Professional Conduct.  The State Bar has not alleged any federal claims against Defendant.  Accordingly, this action does not "arise under" any federal law.  Moreover, Defendant's assertion of alleged similarities between the State Bar's disciplinary proceedings against him and the CFPB's civil action do not constitute a proper basis for removal, as neither a federal defense nor an actual or anticipated federal counterclaim forms a basis for removal.  <u>See, e.g.</u>, <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 61-62, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).

      For the foregoing reasons, Defendant has failed to meet the burden of showing that federal question jurisdiction exists over this action.  Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the State Bar Court, Los Angeles Hearing Department.  <u>See</u> 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.

cc:    RSWL